**FILED**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

JUL 1 8 2002

-------------------------------------------------x

JOHN DOE, et al,

                          Plaintiffs,

            v.

STATE OF ISRAEL, ARIEL SHARON, et al,

                        Defendants.

```
CASE NUMBER  1:02CV01431

JUDGE: John D. Bates

DECK TYPE: Civil Rights (non-employment

DATE STAMP: 07/18/2002
```

-------------------------------------------------x

### *Ex parte* Motion and Affidavit In
### Support To File Complaint With
### Pseudonyms for Plaintiffs and Witnesses

Plaintiffs, by their local counsel, Maher Hanania, Esq., hereby move this Court *ex*

*parte* for an Order permitting the following:

- The filing of a complaint in the above entitled cause with pseudonyms for plaintiffs and third party witnesses.

- In the alternative, an evidentiary hearing to determine whether or not the relief sought herein should be granted in its entirety.

As set forth more fully in the affidavit in support of this motion and the

underlying complaint itself, plaintiffs individually and collectively seek leave of

the Court to proceed with this action with pseudonyms in lieu of their names and

those of witnesses. Because of the nature of this case and the particular facts and

circumstances surrounding the plaintiffs, their families and friends, each possess a

well-founded fear of retaliation by the Israeli defendants in the event that their

identities and the identities of their witnesses is made known to the public at this

time.

1

For that reason and the reasons more fully set forth in the annexed

affidavit of Stanley L. Cohen, Esq., sworn to July 15th of 2002, plaintiffs request

leave to file their complaint with pseudonyms in lieu of their names and the

names of witnesses.  And for such other and further relief as to the Court may

appear just and proper.

Dated:  Washington, DC
On this 17th day of July, 2002

Respectfully submitted,

Stanley L. Cohen, Esq.
Attorney for Plaintiffs
*Pro Hac Vice* (Pending)
351 Broadway, Suite 300
New York, New York  10013
(212) 979-7572

Maher Hanania, Esq.
Local counsel
1510 H Street NW, Suite 20
Washington, DC  20005
Washington, DC Bar No. 464766
(202) 347-5800

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
------------------------------------------------------------x
JOHN DOE, et al,

                          Plaintiffs,


              v.                                          Civil Action No: _____

STATE OF ISRAEL, ARIEL SHARON, et al,

                          Defendants.
------------------------------------------------------------x

STATE OF NEW YORK        )
                         )SS.:
COUNTY OF NEW YORK       )

### Affidavit In Support of
### Motion To File Complaint
### With Pseudonyms for Plaintiffs and Witnesses

**Stanley L. Cohen, Esq.,** being duly sworn, deposes and says as follows:

1.    I am an attorney duly admitted to practice as such before the courts of the State of

      New York, the Supreme Court of the United States and the United States District

      Courts for the Southern, Eastern and Northern Districts of New York and I hereby

      affirm under pain and penalty of perjury and pursuant to the Federal Rules of

      Civil Procedure that the following is true except that stated upon information and

      belief which I believe to be true.  Filed herewith is a motion of local counsel in

      which he moves my admission to before this Court *pro hac vice* in order to

      prosecute the instant matter.

2.    As out of town counsel for the plaintiffs, I am fully familiar with all of the facts

      and circumstances surrounding this matter and the contents of the complaint filed

02 1431

**FILED**

JUL 1 8 2002

- 1 -

herewith which was prepared by my office following almost one year of
investigation, research and preparation.

3.       This affidavit is submitted in support of local counsel's motion to file the within
complaint using pseudonyms for plaintiffs and for third party witnesses as
outlined and set forth in this action.

**A.       General Statement**

4.       This is an action for compensatory and punitive damages and injunctive relief
filed by numerous victims of murder, torture, kidnapping and other gross human
rights abuses committed by the Israeli defendants with the aid, assistance and
support of the other defendants listed in the complaint.

5.       It is critical that the Court grant plaintiffs and third party witnesses the rigt to
proceed with pseudonyms because of the substantial probability that they and
their families will be singled out for reprisal once this action is filed.

6.       The complaint, filed simultaneously with this motion, details numerous acts of
murder and brutality on the part of the Israeli defendants. These acts, when
placed in an appropriate historical context, form a tragic link in an entire chain of
retribution and reprisal against the plaintiffs and indeed all Palestinians. Because
of the historical pattern of reprisal by the Israeli defendants which, at times, has
been meted out indiscriminately and on other occasions against entire Palestinian
towns and villages[1], plaintiffs are compelled to move the Court for the relief that

---

[1] Indeed, as of this time, all of the West Bank, the home of most of the plaintiffs, their families and various
witnesses, is under total closure and re-occupation by the IDF. Continuing a long-standing policy, it has
implemented a pratice of mass arrests and detention of many males above the age of fifteen and imposed an
absolute curfew throughout the West Bank thereby limiting not just the mobility of more than a million
people, but rendering them vulnerable to extrajudicial reprisal. In addition, the Israeli government has
announced its intention to continue its use of "targeted assassination" in the Occupied Territories for the

they seek herein pseudonyms for themselves and other witnesses. (See, more fully, the affirmation of Stanley L. Cohen, dated July 16th, 2002, incorporated by reference).

7.   For the sake of brevity, I have chosen to use two illustrative cases to encompass my request that the Court grant all plaintiffs and third party witnesses the right to use pseudonyms. In doing so, I specifically incorporate by reference the numerous allegations in the complaint on file with the Court, as well as the affidavits of the individual plaintiffs.

**B.   The Court Should Grant Pseudonyms To Plaintiffs & Third Party Witnesses**

**American Citizens With Family in Palestine**
*JOHN DOE II*

8.   ▮▮▮▮▮, is a U.S. Citizen who travels frequently to Deir Debwan, Palestine to visit his wife and children. Although he is an American citizen, with an American passport, he is not protected from the unprovoked brutality of the Israeli defendants.

*JOHN DOE II*

9.   In May 2002, as ▮▮▮▮ was passing through the Kalendia checkpoint, Israeli soldiers shoved him and pointed a gun at his head. *JOHN DOE V* ▮▮▮▮'s price for simply claiming that he was an American citizen and not a militant was high: The soldiers repeatedly punched and kicked him; one of the soldiers smashed him in *JOHN DOE II* the head with a rifle butt. Aside from his bruises, ▮▮▮▮▮ has suffered more than 50% loss of hearing.

---

foreseeable future. This practice has not only killed dozens of its opponents over the last several months, but injured scores of civilians as well. (See, generally, affirmation of Stanley L. Cohen, filed herewith.)

**JOHN DOE II**

10.  ███████, an American citizen, whose only crime was to assert his citizenship, is

terrified to return to Palestine to visit his wife and children if his name appears on

this lawsuit:

> Because I go to the occupied territories, and my wife and children live
> there, and inasmuch as the Israeli Defense Force and Shin Bet, the State
> security force, routinely and regularly invade our communities, I live in
> constant fear of being singled out by these forces in retaliation for my
> complaints and this lawsuit. I have a reasonable and substantial fear that
> my ability to travel there will be hampered or even prohibited should my
> name be revealed. [See affidavit of ███████ annexed to complaint
> as exhibit J].

**John Doe**

**JOHN DOE II's**

11.  ███████ logic is simple. If Israeli soldiers brutalized him for making a minor

protest, what could he expect of them if his identity were not protected in a major

lawsuit directed against Israel and its military, intelligence and security

apparatus?

**JOHN DOE II's**

12.  ███████'s fears of reprisal almost pale in comparison to the other class of

plaintiffs who reside in Palestine where they are regularly subjected to Israel's

systematic practice of invasion, occupation and violence.

**American Citizens Living in Palestine**

**JILL DOE I**

13.  ███████, a 22 year old mother whose only crime was to seek shelter and

refuge for herself and her nine-month old child at her father's home during the

Israeli imposed curfew paid the ultimate price. Israeli soldiers opened fire on

Suraideh, her husband and child as they sat in their car. The soldiers were only

**JILL DOE I**

about five meters away. ███████ died with her child in her arms about 50 meters

from her father's home; her husband was critically injured, but survived, as did

the baby.

*JILL DOE I'S       JOHN DOE I                     JOHN DOE I'S*

14.   ████'s father, ████████████████, is a plaintiff. ████'s fear

of reprisal stems from his own mistreatment by the Israeli defendants, as well as

the fact that these defendant have no accountability for their actions and commit

their acts of violence upon the Palestinians with impunity:

> I have a great fear of extra-judicial retaliation from the IDF if I pursue a
> legal action against them in the United States. As I reside in the military
> zone controlled by the Israelis, and as there is no supervening, neutral
> police authority that might protect me, in practice anything could happen
> to me or my family at their hands. [See affidavit of ████████
> ████████ annexed to complaint as Exhibit A].   *John Doe*

*JILL DOE I'S*

15.   Based on ████'s unprovoked murder in the street, her family has every reason

*JOHN DOE I*

to question their safety if the Court does not protect their identities. ████████

and the other plaintiffs should not be forced to choose between pursuing justice

on behalf of themselves and their families and their own safety.

**C. The Law**

16.   Open and public trials are at the bedrock of our judicial system. Indeed, Rule 10

of the Federal Rules of Procedure dictates that the parties' names to any lawsuit

must be disclosed in the caption of case. However, federal courts have been

unanimous in allowing plaintiffs to proceed with pseudonyms in several

compelling circumstances. Courts, including this one, have been reluctant to

impose a bright line test to the question of plaintiff anonymity, opting instead to

review each such case under the unique facts and circumstances presented.

In his recent article, Professor Greer sums up the balancing required of the court

in these cases,

> In all these suits the motive underlying the federal judiciary's
> acquiescence to pseudoanonymity is the same: an unwillingness in some
> circumstances to compel plaintiffs to surrender privacy or security

interests in order to assert their substantive rights and have their claims adjudicated.

He further explains that international human rights lawsuits, such as this, pose unique challenges because "plaintiffs often live in conditions characterized by exceptional volatility and danger, conditions that may be either the source of, or backdrop to, their allegations." Jeb Greer, *Plaintiff Pseudonymity and the Alien Tort Claims Act: Questions and Challenges,* 32 Colum. Hum. Rts. L. Rev. 517 (2001). See generally, Joan Steinman, *Public Trial, Pseudonymous Parties: When Should Litigants Be Permitted to KeepTheir Identities Confidential?,* 37 Hastings L.J. 1 (1985).

Although each case is to be judged on its own merits, two areas of concern have allowed pseudonyms most often: significant social stigma associated with the loss of privacy and the potential for harassment or actual harm to the plaintiff or his family. This court has allowed for anonymous plaintiffs in both circumstances. For example in Campbell v. United States Department of Agriculture, 515 F. Supp. 1239 (D.D.C. 1981), the court permitted the anonymous filing of a suit to compel promulgation of regulations to allow eligible social security income applicants and recipients to apply for food stamps at their social security offices. In doing so the court reasoned that the plaintiffs might be stigmatized by their neighbors finding out that they were on food stamps and might also suffer harassment. Similarly, in Doe I v. Islamic Salvation front, 993 F. Supp. 3 (D.D.C. 1998), the court permitted the anonymous filing of a suit seeking redress for personal injuries allegedly caused by defendant on the ground that plaintiffs had expressed fear of retaliation if their identities became known. In accord are Doe I v. Karadzic, 866 F. Supp. 734 (S.D.N.Y.1994) and Doe I v. Unical Corp., 963 F.Supp. 880 (C.D.Cal.1997)

two cases in which, like here, plaintiffs sought relief pursuant to the Alien Tort Claims Act and the Torture Victim Protection Act and were permitted to proceed anonymously because they possessed a well found fear of retaliation should their identities be revealed.

Moreover, pseudonyms have been permitted when the potential for harm or retaliation was directed not against the plaintiff herself, but rather against her family members. That was the precise situation in Doe v. INS, 867 F.2d 285 (6th Cir.1989), where the court permitted the plaintiff to proceed anonymously to protect his relatives in China from possible reprisals.

Plaintiffs at bar are not seeking to avoid embarrassment; nor are they worried about any social stigma which might arise by virtue of this suit. Indeed, here plaintiffs are seeking to file with pseudonyms for themselves and their witnesses in order to protect their very lives and the lives of their loved ones. On these grounds, the Court should grant the relief sought and permit the plaintiffs and witnesses to proceed with pseudonyms.

**D.    Conclusion**

17.    All of the plaintiffs and their witnesses, whether they reside in Palestine or just visit, are subject to the Israeli defendants' unfettered control and brutality. As the complaint filed herewith today makes abundantly clear, plaintiffs, indeed all Palestinians, risk death and torture every day. Should their names surface as part of this lawsuit, the likelihood that they or their families would be singled out for reprisal is not just fanciful – it is real, it is substantial, it is undeniable.

18.    The complaint presents to the Court a mosaic of pain and suffering in graphic, repeated detail. It cuts a wide destructive swath across all segments of the

Palestinian experience at the hands of Israel over the last thirty-five years in the Occupied Territories. The injuries complained of herein are not an aberration; nor are they isolated. Violence against the person and property of Palestinians is the mainstay of Israeli occupation in the West Bank and Gaza where plaintiffs and their families reside. Murder, torture, and intimidation are systemic; mass arrest and detention and endemic; the absence of due process and lack of meaningful judicial relief is, for Palestinians, the norm. Put, simply, in the Occupied Territories coercion and compulsion has become a way of life for millions of Palestinians no matter what their age, their gender, their beliefs or their particular actions.

19.    The plaintiffs all share a common and well-founded fear of reprisal to themselves, families and named witnesses, should their identies become known to the defendants. For all the reasons herein above set forth and upon due consideration of the complaint filed today and its affidavits in support of the action, the Court should permit the plaintiffs to file the complaint with pseudonyms and further order that pseudonyms be granted to any identified third party witness.

Dated: Washington, DC
on this 17th day of July, 2002

Stanley L. Cohen, Esq.
Attorney for Plaintiffs
*Pro Hac Vice* (Pending)
351 Broadway, Suite 300
New York, New York 10013
(212) 979-7572

- 8 -

Maher Hanania, Esq.
Local counsel
1510 H Street NW, Suite 20
Washington, DC  20005
Washington, DC Bar No. 464766
(202) 347-5800