**FILED**

JUL 1 8 2002



UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

JOHN DOE I on behalf of himself and his grandson, BABY DOE I and as next of kin for his deceased daughter, JILL DOE I, JOHN DOE II, JOHN DOE III, JOHN DOE IV, JOHN DOE V, JOHN DOE VI, JOHN DOE VII, JOHN DOE VIII, JOHN DOE IX, JOHN DOE X, JOHN DOE XI, JOHN DOE XII and JOHN DOE XIII on behalf of themselves; JOHN DOE XIV on behalf of himself and his son, BABY DOE II, JOHN DOE XV on behalf of himself and his son, BABY DOE III, JOHN DOE XVI on behalf of himself and his deceased son, BABY DOE IV, JOHN DOE XVII on behalf of himself, JANE DOE I on behalf of herself and the estate of her aunt, JILL DOE II and cousin, BABY DOE V, and JANE DOE II on behalf of herself and the estates of her two deceased sisters, JILL DOE III and JILL DOE IV and as next of kin for her nephew, CHARLES DOE I and niece JILL DOE V,

    Plaintiffs,

v.

STATE OF ISRAEL, ARIEL SHARON in his individual capacity and as former Israeli Minister of Defense, NATAN SHARANSKI individually and in his capacity as Israeli Minister of Construction and Housing, BINYAMIN BEN ELIEZER individually and in his capacity as Israeli Minister of Defense, SHIMON PERES individually and in his capacity as Israeli Minister of Foreign Affairs, UZI LANDAU individually and in his capacity as Israeli Minister of Internal Security, MEIR SHEETRIT individually and as Israeli Minister of Justice, THE ISRAELI GENERAL SECURITY SERVICE (the "Shin Bet"), AVI DICHTER, the head of the Shin Bet, ISRAELI DEFENSE FORCES (IDF), LT. GENERAL SHAUL MOFAZ individually and as Chief of the General Staff, MAJOR GENERAL AMOS GILAD individually and as the IDF Coordinator of Government Activities in Judea, Samaria and the Gaza, MAJOR GENERAL AHARON ZE'EVI FARKASH individually and as IDF Director of Military Intelligence, AMOS YARON individually and in his capacity as Secretary General of the Defense Ministry and as former Brigadier General and Commandant of IDF forces in Beirut, Lebanon (collectively the "Israeli Defendants"),

GEORGE W. BUSH, in his individual capacity and as President of the United States,
COLIN POWELL, in his individual capacity and as Secretary of State,

THE BOEING COMPANY, MCDONNELL DOUGLAS HELICOPTER SYSTEMS, TEXTRON, BELL HELLICOPTER, COLT'S MANUFACTURING COMPANY, INC., GLEN E. HESS, as former Vice-President of the Boeing Company and current President and Chief Operating Officer of BELL HELLICOPTER, JOHN R. MURPHY, Chairman and Chief Executive Officer of BELL HELLICOPTER, LEWIS B. CAMPBELL, Chairman and Chief Executive Officer of TEXTRON, PHILLIP CONDIT, Chief Executive Officer of BOEING COMPANY, LT. GENERAL (Ret.) WILLIAM M. KEYS, President and Chief Executive Officer of COLT'S MANUFACTURING COMPANY (collectively the "Arms Defendants"),

HALAMISH/NEVE TZUF SETTLEMENT, NEVE TZUF FOUDATION (KEREN NEVE TZUF), CHRIST LUTHERAN CHURCH, CENTRAL FUND FOR ISRAEL, ONE ISRAEL FUND, CONGREAGATION RINAT YISRAEL, RABBI YOSEF ADLER, ARNON HILLER, JOAV MERRICK, RUTH KOHN, JAY MARCUS (collectively the "Settler Defendants"),

-MOES –1-100,

    Defendants,

CASE NUMBER 1:02CV01431

JUDGE: John D. Bates

DECK TYPE: Civil Rights (non-employmen

DATE STAMP: 07/18/2002

4

KEYS, President and Chief Executive Officer of COLT'S MANUFACTURING COMPANY (collectively the "Arms Defendants"),

Halamish/Neve Tzuf Settlement, Neve Tzuf Foudation (Keren Neve Tzuf), Christ Lutheran Church, Central Fund for Israel, One Israel Fund, CONGREGATION RINAT YISRAEL, RABBI YOSEF ADLER, ARNON HILLER, JOAV MERRICK, RUTH KOHN, JAY MARCUS (collectively the "Settler Defendants"),

-MOES –1-100,

Defendants,

## MOTION FOR LEAVE TO APPEAR AS PLAINTIFFS COUNSEL PRO HAC VICE

Come now Counsel Maher H. Hanania Moves Plaintiffs Counsel Stanley L. Cohen, Pro Hac Vice for this case only, and states as follows for its Motion for Leave to Appear as Counsel for Defendants.

1. Stanley L. Cohen is a member in good standing of the New York and the United States Supreme Court.

2. Stanley L. Cohen has been practicing law for over 20 years in the New York area.

3. Stanley L. Cohen is familiar with the Provisions of the Judicial Code Title 28 USC and the Local Rules of the United States District Court for the District of Columbia

4. Attached is an affidavit signed by Stanley L. Cohen.

By Counsel

Maher H. Hanania Bar # 464766
1510 H Street, NW Suite 20
Washington, DC 20005
(202) 347-5800

FROM : LYNNE STEWART ESQ    FAX NO. : 2126253935    I. 12 2002 04:19PM P2

## AFFIDAVIT

Stanley L. Cohen an attorney admitted to practice as such before the courts of the State of New York hereby affirms under pain and penalty of perjury and pursuant to Rule 2106 of the CPLR the following to be true:

1. I submit this application for admission to the Bar of the District Court pro hac vice in furtherance of a law suit which we hope to file before the Court today.

2. I have worked on and prepared this law suit over the last 11 months which has required among other things trips to the Middle East and elsewhere outside of the United States on a number of occasions.

3. I reside at 119 Avenue D New York, New York 10009 and my office is located at 351 Broadway, Suite 300 new York, NY 10013 (212) 979-7572.

4. I was first admitted to practice in New York State on or about July 1984. Shortly thereafter I was admitted to practice in the United States District court for the Southern District of new York and since then to the U.S. District Court of the Eastern and Northern District of New York. In addition I am a member in good standing of the United States Supreme court having been admitted June 27, 1988.

5. Over the last 13 years I have been admitted pro hac vice in approximately 15 federal courts and 10 to 12 state courts.

6. I have been engaged in the practice of law for almost 20 years having spent the first 6 ½ years as an attorney for the Criminal Defense Division of the Legal Aid society in New York City. In the 13 years since I have handled trial and appellate work in various state and federal courts. I have argued numerous appeals in both New York State and in various federal courts. I have been involved in complex litigation involving issues of international law on both the state and federal level . I have done death penalty work in the south and handled such cases in the northeast. I have tried dozens of cases criminal and civil over the years. I have lectured at various law schools on diverse aspects of the law and trained legal aid attorneys at various times in New York City.

7. Over the course of my 19 years of practice I have been held in contempt once, having just occurred several months ago in the Eastern District of Virginia. That

case involved the defense of a client charged with a criminal conspiracy which culminated several months ago. In that particular matter the contempt arose from the following facts and circumstances: When the defendant was scheduled for sentence on a particular date which we sought a continuance of because of the failure of the Dept. of Probation to provide a timely pre-sentence report. Initially a representative of local counsel advised that the continuance had been granted and as a result I scheduled a state and federal matter on the day originally set for sentence in Virginia. Subsequently just several days before the date of sentence I was notified that the continuance would not be granted. Because I was compelled at that point to be in other venues and inasmuch as local counsel advised that he would be prepared to proceed I notified the District Court that I would not be there the following Monday. The District court did not reply one way or the other. Later, after I did not appear and local counsel, as it turned out, was unable to proceed the matter was adjourned by the court. Because the court had required the service of an interpreter to arrive in the Eastern District the court held me in contempt and charged me half the expense related to the interpreter - $704.00. My understanding is local counsel is also awaiting the determination on the contempt issue as he too has been provided a show cause order by the court. The court stayed execution of judgment on my finding of contempt and an appeal will shortly be filed in front of the 4th Circuit.

8. I have not been convicted of any crime and have not been publicly reprimanded censured suspended disciplined or disbarred by any court other than the contempt citation referred to above.

9. I am familiar with the Provision of the Judicial Code Title 28USC pertaining to the jurisdiction of and practice in the United States District Court. I am familiar with the Federal Rules of Civil and Criminal Procedure. I am familiar with the Rules of the United States District Court for the District of Columbia. I am familiar with the Rules of Professional Conduct and I am familiar with the DC Bar Voluntary Standards for Civility in Professional Conduct adopted by the bar in 1996.

Dated:   New York, New York
         July 12, 2002

_____
Stanley L. Cohen