UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOHN DOE 1, et al. | |
| Plaintiffs, | |
| -against- | 01:02CV 01431-JDB |
| STATE OF ISRAEL, et al. | |
| ONE ISRAEL FUND<br>366 Pearsall Avenue, Suite 1<br>Cedarhurst, New York 10016 | |
| RUTH KOHN<br>366 Pearsall Avenue, Suite 1<br>Cedarhurst, New York 10016 | |
| Defendants. | |

## MOTION OF DEFENDANTS ONE ISRAEL FUND AND RUTH KOHN FOR AN ORDER DISMISSING COMPLAINT PURSUANT TO FED. R. CIV.P. 8 10 AND 12 OR, ALTERNATIVELY, DIRECTING PLAINTIFFS' TO SERVE A MORE CONCISE STATEMENT OF PLAINTIFFS' CLAIMS AND THE IDENTIFICATION OF THE PLAINTIFFS

Pursuant to Fed. R. Civ. P. 8, 10 and 12, Defendants One Israel Fund ("OIF") and Ruth Kohn ("Kohn") (collectively referred to as the "Moving Defendants") request an order dismissing the Complaint filed against them by the Plaintiffs in the above-captioned matter. Alternatively, Moving Defendants request that the Court order the Plaintiffs to (i) serve a more concise and definite statement of their claims, and, (ii) to identity the individual Plaintiffs who brought this action.

In support of this Motion, Moving Defendants refer to the accompanying Memorandum of Points and Authorities and documents attached thereto. For the Court's convenience, attached hereto as Exhibit "A" is a true and accurate copy of the Complaint served in this matter. Plaintiffs also served an Affidavit of its counsel together with various appendices which include, *inter alia*, affidavits of certain individual Plaintiffs who are identified only as "John Doe." The Affidavits of Plaintiffs' counsel and its Appendices are incorporated by reference into the Complaint at Paragraph 114 thereof. For the Court's convenience, a true and accurate copy of the Affidavit of Plaintiff's counsel and the attached Appendices is attached hereto as Exhibit "B."

Defendants One Israel Fund and Ruth Kohn have waived service of the Summons and Complaint and Plaintiffs' counsel has agreed to extend Moving Defendants' time to answer or otherwise move with respect to the Complaint to April 22, 2003.

WHEREFORE, Moving Defendants respectfully request that the Court (A) Dismiss the Complaint with Prejudice or, alternatively, (B) direct the Plaintiffs to (i) serve a more concise and definite statement of their claims, (ii) identify the

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

RECEIVED
U.S. DISTRICT COURT OF COLUMBIA
2003 APR 21  PM 5:02
NANCY M.
MAYER-WHITTINGTON
CLERK

| | |
|---|---|
| JOHN DOE 1, et al. | ) |
| Plaintiffs, | ) |
| -against- | ) 01:02CV 01431-JDB |
| STATE OF ISRAEL, et al. | ) |
| ONE ISRAEL FUND<br>366 Pearsall Avenue, Suite 1<br>Cedarhurst, New York 10016 | ) |
| RUTH KOHN<br>366 Pearsall Avenue, Suite 1<br>Cedarhurst, New York 10016 | ) |
| Defendants. | ) |

**MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF THE MOTION OF DEFENDANTS ONE ISRAEL FUND
AND RUTH KOHN FOR AN ORDER DISMISSING COMPLAINT
PURSUANT TO FED. R. CIV. P. 8, 10 AND 12, OR, ALTERNATIVELY,
DIRECTING PLAINTIFFS TO SERVE A MORE CONCISE STATEMENT OF
PLAINTIFFS' CLAIMS AND THE IDENTIFICATION OF THE PLAINTIFFS**

Defendants One Israel Fund and Ruth Kohn submit this Memorandum of Law in support of their Motion pursuant to Rules 8, 10 and 12 of the Federal rules of Civil Procedure for an Order A) dismissing the Complaint as against them, or, in the alternative, B) directing Plaintiffs (i) to serve a more concise and direct statement of Plaintiffs' claims, and, (ii) to identify the individual Plaintiffs who filed this action. Defendants One Israel Fund and Ruth Kohn also join in the motions to dismiss pursuant to Fed.R.Civ.P. 12 made by the other defendants.

## STATEMENT OF FACTS

Defendant One Israel Fund is a charitable organization with its headquarters in New York. The individual defendant, Ruth Kohn, is an employee of One Israel Fund. Ms. Kohn works from the offices of One Israel Fund in New York.

In essence, the Complaint challenges U.S. Foreign Policy in the Middle East, and, particularly, the position that the United States government has taken with respect to the State of Israel. Named as defendants are the President and the Secretary of State of the United States[1] as well as the Prime Minister, various Cabinet Ministers, the Armed Forces and agencies of the Israeli Government. The other named defendants include aircraft and arms manufacturers,[2] as well as synagogues and churches located in the United States. In addition to challenging U.S. Foreign Policy, the Plaintiffs seek redress from the named Israeli Government officials for alleged torts committed in Israel by Israeli soldiers and citizens. The "factual" allegations that form the basis for the claims asserted begin in 1982 (*e.g.*, Complaint ¶¶ 114-134; Affidavit of Stanley Cohen, Esq. pp. 104-117 and Appendix B thereto); and continue to the present time.

The Complaint (Exhibit "A") contains 564 paragraphs spread over 139 pages. Entire sections of the Complaint consist of "allegations" that Plaintiffs contend are derived from U.S. State Department Policy Memoranda, wire service news articles, and reports from international relief organizations. (*e.g.* Complaint ¶¶ 101, 102, 114 - 134, 146, 151, 184, 188, 189, 198, 210). Those statements are virtually impossible to address in a cogent fashion in an Answer as required by the Federal Rules of Civil Procedure. Moreover, the Complaint at paragraph 114 also

---

[1] The United States has moved pursuant to Fed. R. Civ. P. 12 (b)(6) to dismiss the Complaint as against both the President and the Secretary of State on, *inter alia*, the political question doctrine.

[2] The aircraft and arms manufacturers have also moved for dismissal based, *inter alia*, on the political question doctrine.

incorporates by reference the Affidavit of Plaintiffs' counsel and various Appendices thereto that contain statements by alleged "survivors of the 1982 incidents complained of," affidavits from the individual, unidentified plaintiffs, and a purported list of people who have died in the region in the period September 2000 to 2002. Counsel's Affidavit itself is 120 pages in length (with unnumbered paragraphs). The Appendices aggregate another several hundred pages of statements and allegations.

One Israel Fund and Ruth Kohn are named as Defendants premised solely upon their alleged fund-raising activities in the United States for certain settlements in Israel. The Plaintiffs claim, *inter alia*, that they have been displaced from their homes and lands as a result of the creation of these settlements by the Israeli government. Plaintiffs allege that One Israel Fund and Ruth Kohn are part of a global conspiracy whose members include the President and Secretary of State, U.S. manufacturers, officials of the Israeli government, the Israeli Armed Forces and other U.S.-based synagogues and churches. Despite the morass of the Complaint, counsel's affidavit and its appendices, there is no allegation that either One Israel Fund or Ruth Kohn had any knowledge of, had any contact or involvement with the Plaintiffs, or, that these Defendants were involved directly in any act or omission that harmed any of the Plaintiffs.

As will be discussed, *infra*, at Points I and II, Plaintiffs have alleged no facts that would support a claim under the RICO Act against One Israel Fund and Ruth Kohn. These Defendants engage in charitable activities in the United States. This is hardly the type of activity that the RICO Act was enacted to control. Moreover, despite the hundreds of pages of allegations, the Complaint fails to state a claim against One Israel Fund and Ruth Kohn for the common law torts also asserted.

Furthermore, the Complaint does not identify the individual Plaintiffs but instead refers to each anonymously as a variant of "John Doe." That tactic makes it

impossible for Defendants One Israel Fund and Ruth Kohn to frame an Answer, particularly, to the specific claims alleged against these Defendants, *viz.*, violations of the Civil RICO Act (Claim 5), battery (Claim 11), assault (Claim 11), intentional and negligent infliction of emotional distress (Claim 15), negligence (Claim 16), trespass (Claim 17), and, conversion (Claim 18). Plaintiffs claim that they are either U.S. citizens, or, resident aliens living in the United States (Affidavit of Stanley Cohen, Esq., page 8). Without providing their identities there simply are no facts alleged that would allow Defendants to frame a proper defense to these claims.

## ARGUMENT

### I. THE RICO ACT SHOULD NOT BE APPLIED EXTRATERRITORIALLY

The Court should dismiss Plaintiffs' claim under the RICO Act, 18 U.S.C. §§ 1961-1968. Even assuming that Plaintiffs' allegations had some merit, which is denied, the specific conduct complained of occurred exclusively outside the United States. Moreover, that conduct had no substantial impact in the United States.

It is well-established that there is a "general assumption against the extraterritorial application of statutes." *Environmental Defense Fund, Inc. v. Massey*, 986 F.2d 528, 530 (D.C. Cir. 1993). Plaintiffs offer no compelling reason to ignore that presumption and to entangle the U.S. Courts in issues of foreign policy, and, ultimately, to sit in judgment of foreign sovereigns and foreign nationals acting on foreign soil and whose conduct affects such particularly local issues as title to real property, or, intentional torts such as assault, battery, trespass, conversion and negligence.

To make out a colorable claim for such extraterritorial application of the RICO Act Plaintiffs must demonstrate that Congress would have intended that the Federal Courts should be concerned with this specific international controversy. *North South Finance Corp. v. Al-Turks*, 100 F.3d 1046, 1051 (2d Cir. 1996); *Alfadda*

4

*v. Fenn,* 935 F.2d 475, 479 (2d Cir. 1991). Here, it is highly unlikely that Congress would have intended that the courts become involved in a political question and, further, would have intended that the RICO Act be applied to issues of U.S. Foreign Policy, or, the political and domestic policies of another sovereign state. The litigation commenced by Plaintiffs and the issues raised by the Complaint simply do not implicate the RICO Act.

Plaintiffs simply have not established any justification for the extraterritorial application of the RICO Act in this litigation. In making the determination to apply the RICO Act, courts generally find subject matter jurisdiction where conduct material to the fraud occurred in the United States. *Giro v. Banco Espanola de Credito, S.A.*, 1999 U.S. Dist. Lexis 9673 (S.D.N.Y. 1999) aff'd. 208 F.3d 203 (2d Cir. 2000). That review is referred to as the "conduct test." Alternatively, courts apply an "effects test," *i.e.*, conduct occurring outside the U.S. that directly causes an injury in this country. *North South Finance*, 100 F.3d at 1052. Plaintiffs have not and, indeed, cannot satisfy either test.

Defendants One Israel Fund is a charitable organization in New York that engages in fund-raising activities in the United States. It is not alleged that either One Israel Fund or Ruth Kohn committed any act of assault, battery, trespass, conversion, negligence or other conduct that caused injury to the individual plaintiffs. The sole predicate for Plaintiffs' claims is the fund-raising activity of One Israel Fund and Ruth Kohn. That is simply insufficient under both a "conduct test" or an "effects test" analysis. Both the conduct complained of and the alleged effects of that conduct, *i.e.*, loss of property and personal injury occurred outside the United States and have no substantial effect in this country.

This Court should not apply the RICO Act to the conduct of foreign nationals and foreign sovereigns that occurred in a foreign country, particularly, if such conduct concerns such purely local issues as title to real property, or, requires the

courts to rule on issues of U.S. Foreign Policy, and, ultimately, sanction foreign sovereigns under the RICO Act. Plaintiffs' Fifth Claim should be dismissed.

## II. THE COMPLAINT FAILS TO STATE A CLAIM UNDER THE RICO ACT

Despite its prolixity the Complaint contains nothing but bald, conclusory allegations that merely repeat the elements of a claim under the RICO Act. The complaint, simply is insufficient on its face, and must be dismissed.

Nor can the defects in the Complaint be cured. As conceded by Plaintiffs, the sole activity of One Israel Fund and Ruth Kohn that forms the predicate for their alleged involvement in the acts causing injury to Plaintiffs is Defendants' fund raising activity in the United States. Plaintiffs have not and cannot allege any facts that establish that either One Israel Fund or Ruth Kohn acquired any interest in, or, control of, a RICO enterprise, nor do Plaintiffs allege facts sufficient to support the basic elements of a violation of 18 U.S.C. § 1962(c), *i.e.*, conduct of an enterprise through a pattern of racketeering activity. *Sedima S.P.R.L. v. Imrex Co.*, 473 U.S. 479, 496 (1985).

Defendants One Israel fund and Ruth Kohn engage in charitable activities in the United States. It is not alleged -- nor can it be -- that these Defendants acquired a proprietary interest in, or control of, the alleged RICO enterprise. *BCCI Holding (Luxembourg), S.A. v. Khalil*, 56 F. Supp.2d 14, 50 (D.D.C. 1999). Even more fanciful is Plaintiffs' allegation of the existence of a RICO "enterprise." This "enterprise" would include as its members the President of the United States, the U.S. Secretary of State, the elected officials of a foreign sovereign, numerous corporations, each acting with a charitable organization and its fund-raising officer in New York. No facts exist to support this claim. Indeed, no facts are even alleged in support of this claim.

6

Nor does the Complaint allege that One Israel Fund or Ruth Kohn directed, or, participated in, the operation or management of a RICO enterprise. Simply put, Plaintiffs have not alleged that One Israel Fund or Ruth Kohn directed, controlled, managed or participated in the operation of a RICO "enterprise." Moreover, the bald allegation of the existence of such an enterprise is entirely without factual support.

Therefore, any claims alleged pursuant to 18 U.S.C. § 1962 (b), (c) must be dismissed.

### III.   THE COMMON LAW TORT CLAIMS MUST BE DISMISSED

Plaintiffs have alleged claims of battery, assault, intentional infliction of emotional distress, negligent infliction of emotional distress, negligence, trespass and conversion against One Israel Fund and Ruth Kohn. Plaintiffs assert these claims pursuant to the common law of the United States without actually identifying which State's laws are to be applied. Admittedly, the alleged torts occurred outside the United States. There is no factual basis to support the application of U.S. common law tort claims to acts that occurred outside the United States. However, even assuming U.S. common law was to control, there is no allegation that one Israel Fund and Ruth Kohn committed the specific acts and torts alleged. Plaintiffs concede that the acts and conduct of One Israel Fund and Ruth Kohn were limited to fund raising in the United States. There is simply no allegation that either Defendant committed any tort against an individual plaintiff. Certainly no facts are alleged that these defendants committed any specific act of assault, battery, trespass or conversion or any other intentional tort, or that these Defendants were liable for any negligent act or omission.

The claims of common law tort must be dismissed.

7

## IV   THE COMPLAINT IS NEITHER CONCISE NOR DIRECT AND DOES NOT SATISFY THE REQUIREMENTS OF RULE 8 OF THE FEDERAL RULES OF CIVIL PROCEDURE

Pursuant to Rule 8 (a) of the Federal Rules of Civil Procedure a pleading "shall contain . . . a short and plain statement of the claim . . . ".  Subdivision (e) (1) of Rule 8 further provides that "each averment of a pleading shall be simple, concise, and direct." The Complaint simply fails to meet those pleading requirements.  Moreover, if Defendants One Israel Fund and Ruth Kohn are required to answer the Complaint as presently drafted, Defendants' Answer cannot, of necessity, be simple, concise and direct.

From its opening salvo: "Israel is a terrorist state" (Complaint ¶ 76)), the Complaint is argumentative, prolix, redundant and contains page upon page of purported "evidentiary" material that is simply irrelevant.  Dismissal of such pleading is well within the discretion of the Court. *McHenry v. Renne*, 84 F.3d 1172, 1177-8 (9th Cir. 1996); *Salahuddin v. Cuomo*, 861 F.2d 40 (2d Civ. 1988).  The principal purpose of a complaint is to provide the adverse party with fair notice of the claim asserted to enable the defendant to answer the complaint and prepare for trial.  *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988); *Kiemeister-Gentlewolf v. Barrows*, 171 F.R.D. 160 (D. Vermont 1997); *Lonesome v. Lebedeff*, 141 F.R.D. 397 (E.D.N.Y. 1992); *Newman v. Commonwealth of Massachusetts*, 115 F.R.D. 341 (D. Mass. 1987). 2A Moore's Federal Practice ¶ 8.13 at 8-61 (2d Ed. 1987).  In fact, courts have recognized that an unnecessarily prolix complaint places an undue burden on both the court and the party who must respond to such a pleading and who, perforce, must sift through a mass of verbiage to select the relevant material. *McHenry v. Renne*, 84 F.3d at 1180; *Salahuddin*, 861 F.2d at 42, citing 5 C. Wright and A. Miller, *Federal Practice and Procedure* § 1281 (1969).  Moreover, the Complaint should plead only enough facts in simple, concise and direct terms to

show what the claim is and allow defendant to answer. A complaint should not plead evidence; such information is available through discovery. Nor should a complaint be a preview of counsel's summation to the jury at the conclusion of the trial. *Politico v. Promus Hotels, Inc.*, 184 F.R.D. 232, 233 (E.D.N.Y., 1999). Finally, a complaint should not contain argumentative language. *Politico*, 184 F.R.D. at 234.

Measured against those standards, this Complaint fails to comply with the requirements of Rule 8 of the Federal Rules of Civil Procedure that a pleading be simple, concise and direct. Nor are the defects cured by the incorporation by reference of the affidavit of Plaintiffs' counsel with its appendices, "survivor statements" and affidavits of the Plaintiffs. Affidavits from counsel and the plaintiffs are not the types of "written instruments" that may be incorporated into a pleading within Rule 10 (c) of the Federal Rules of Civil Procedure. *Rose v. Bartle*, 871 F2d 331, 340 (3d Cir. 1989); *Murphy v. Cadillac Rubber & Plastics, Inc.*, 946 F. Supp. 1108, 115 (W.D.N.Y. 1996). Although "written instruments" appended to a pleading are considered part of that pleading on a motion to dismiss, not every document qualifies as a written instrument pursuant to Fed. R. Civ. P. 10 (c). *Id.* To qualify as a "written instrument" as that term is used in Rule 10 (c) a document must be a writing that creates or evidences legal rights or duties, *e.g.*, a deed, a promissory note, a will, a contract, a lease. An affidavit from a party or from a party's attorney is simply a self-serving statement that should not be considered as part of a pleading pursuant to Rule 10 (c). *Rose v. Bartle*, 871 F. 2d at 340; *Murphy v. Cadillac Rubber and Plastics, Inc.*, 946 F. Supp. at 1115.

Finally, the affidavit of counsel and the appendices do not aid in defining the claims. The 120 page affidavit with its unnumbered paragraphs neither simplifies nor clarifies the claims. In fact, counsel's affidavit and plaintiffs' appendices only add another dimension of verbosity and redundancy to the Complaint.

9

Even a cursory review of this pleading reveals that it is solely a political tract that seeks to use the United States District Court to limit actions taken by not only the Executive Branch of the Federal Government, but, also to restrict and supervise the actions taken by a foreign government, *viz.*, the State of Israel, by the extraterritorial application of U.S. law -- both Federal and State -- to the acts of a sovereign entity. As noted, motions to dismiss based upon the political question doctrine have been made by Co-Defendants. If it is clear that an amendment of the pleading would not cure the fatal defects in the initial Complaint, then the Complaint should be dismissed with prejudice. See, *Moorish Science Temple v. Smith*, 693 F.2d 987, 990 (2d Cir. 1982); *Salahuddin v. Cuomo*, 861 F.2d at 42-43 and cases cited therein.

## V. THE INDIVIDUAL PLAINTIFFS SHOULD BE IDENTIFIED

Rule 10(a) of the Federal Rules of Civil Procedure requires that parties be identified. By their own admission the individual Plaintiffs are either U.S. citizens, or, resident aliens (Complaint, ¶ 2, 7-24; Affidavit of Stanley Cohen, Esq., p. 8). Each Plaintiff, however, is proceeding anonymously here. Plaintiffs have attempted to allege claims against a charitable organization based in New York : One Israel Fund, and, its employee, Ruth Kohn for various torts: negligence, infliction of emotional distress, assault, battery, trespass and conversion of property interests. Those torts are not only fact specific but specific to each individual. For example, it is simply impossible for Defendants to interpose a defense to a tort of battery if Defendants do not know the alleged victim of the battery. Similarly, Defendants cannot frame a defense to the claims of trespass and conversion if Defendants are not advised whose property interests are involved and when such torts occurred. As a matter of simple fairness, the Complaint does not give Defendants sufficient

notice of the claims at issue to allow Defendants to interpose and answer and affirmative defenses. Plaintiffs should not be permitted to continue anonymously in this matter as their anonymity severely compromises Defendants' ability to answer the Complaint and interpose a defense to this matter.

## CONCLUSION

The Complaint should be dismissed pursuant to Fed. R. Civ. P. 12(b) for failure to state a claim. The Complaint also should be dismissed for failure to comply with Rules 8 and 10 of the Federal Rules of Civil Procedure, or, in the alternative, Plaintiffs should be required (i) to serve and file a more concise and direct statement of their claims, and, (ii) to identify the individual Plaintiffs.

Respectfully submitted,

/s/ Stephen B. Shapiro
Stephen B. Shapiro
D.C. Bar No. 414045
Holland & Knight LLP
2099 Pennsylvania Ave., N.W., Suite 100
Washington, D.C. 20006
(202) 955-3000

and

Franklyn H. Snitow
Snitow Kanfer Holtzer & Millus, LLP
575 Lexington Avenue
New York, New York 10022
(212) 317-8500

Attorneys for Defendants
One Israel Fund and Ruth Kohn

11

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOHN DOE 1, et al.<br><br>                  Plaintiffs,<br><br>      -against-<br><br>STATE OF ISRAEL, et al.<br><br>ONE ISRAEL FUND<br>366 Pearsall Avenue, Suite 1<br>Cedarhurst, New York 10016<br><br>RUTH KOHN<br>366 Pearsall Avenue, Suite 1<br>Cedarhurst, New York 10016<br><br>                  Defendants. | 01:02CV 01431-JDB |

## CERTIFICATE OF SERVICE

I hereby certify that on April 22, 2003, a copy of Defendant's Motion to Dismiss, Memorandum of Points and Authorities and Proposed Order was sent by first class mail, postage prepaid to:

        Raymond B. Biagini Esq.
        McKenna Long & Aldridge LLP
        1900 K Street NW
        Washington, DC 20006
        Attorneys for
        Boeing
        McDonnell Douglas
        TexTron
        Bell helicopter

Colt Mfg
Glenn Hess
John Murphy
Lewis Campbell
Philip Condit
William Keys

Ori Lev Esq.
U.S. Dept. of Justice
Civil Division, Federal Programs Branch
P.O. Box 883
Washington, DC 20044

Maher Hanania, Esq.
1510 H Street NW
Suite 20
Washington, DC 20005

David O. Bickert Esq.
Kaye Scholer
901 15th Street NW
Suite 1100
Washington, DC 20005

I also certify that on April 21, 2003, a copy of Defendant's Motion to Dismiss, Memorandum of Points and Authorities and Proposed Order was sent via Federal Express to:

Stanley L. Cohen, Esq.
351 Broadway
Suite 300
New York, New York  10013

_____
Stephen B. Shapiro

WAS1 #1176804 v1