# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| JOHN DOE, <u>et al.</u>, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | No. 1:02 CV 01431 (JDB) |
| v. | ) | |
| | ) | |
| STATE OF ISRAEL, <u>et al.</u>, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## SUGGESTION OF IMMUNITY
## SUBMITTED BY THE UNITED STATES OF AMERICA

The United States of America, by and through the undersigned and pursuant to 28 U.S.C.
§ 517,[1] hereby respectfully informs the Court of the interest of the United States in the pending
claims against Prime Minister Ariel Sharon of Israel, the sitting head of government of the State
of Israel, and suggests to the Court the immunity of Prime Minister Sharon.  In support of its
interest and suggestion, the United States asserts as follows:

1.      The United States has an interest in the claims asserted against the Prime Minister
of Israel insofar as the case involves the question of immunity from the Court's jurisdiction of
the head of government of a foreign country.  The interest of the United States arises from a
determination by the Executive Branch of the Government of the United States, in the
implementation of its foreign policy and in the conduct of its international relations, that
permitting this action to proceed against Prime Minister Sharon would be incompatible with the
United States' foreign policy interests.  As discussed below, this Court should give effect to this

---

[1]  Pursuant to 28 U.S.C. § 517 "any officer of the Department of Justice[] may be sent by
the Attorney General to any State or district in the United States to attend to the interests of the
United States in a suit pending in a court of the United States . . . "

determination.

2.     The Legal Adviser of the United States Department of State has informed the Department of Justice that the Government of Israel has formally requested that the Government of the United States suggest the immunity of Prime Minister Sharon from this lawsuit.  Letter from William H. Taft IV to Robert D. McCallum, Jr., dated May 28, 2003 (copy attached as Exhibit 1).  The Legal Adviser has further informed the Department of Justice that the "Department of State recognizes and allows the immunity of Prime Minister Sharon from this suit."  Id.

3.     Under customary rules of international law recognized and applied in the United States, and pursuant to this Suggestion of Immunity, Prime Minister Sharon, as the head of government of a foreign state, is immune from the Court's jurisdiction in this case.  See, e.g., First American Corp. v. Sheikh Zayed Bin Sultan Al-Nahyan, 948 F. Supp. 1107, 1119 (D.D.C. 1996); Leutwyler v. Queen Rania Al Abdullah, No. 00 Civ. 5485, 2001 WL 893343, at *1 (S.D.N.Y. Aug. 8, 2001); Alicog v. Kingdom of Saudi Arabia, 860 F. Supp. 379, 382 (S.D. Tex. 1994), aff'd 79 F.3d 1145 (5th Cir. 1996); Lafontant v. Aristide, 844 F. Supp. 128, 132 (E.D.N.Y. 1994), appeal dismissed, No. 94-6026 (2d Cir. 1994).

4.     The Supreme Court of the United States has mandated that the courts of the United States are bound by suggestions of immunity, such as this one, submitted by the Executive Branch.  See, e.g., Republic of Mexico v. Hoffman, 324 U.S. 30, 35-36 (1945); Ex parte Peru, 318 U.S. 578, 588-89 (1943).  In Ex parte Peru, the Supreme Court, without further review of the Executive Branch's determination regarding immunity, declared that the Executive Branch's suggestion of immunity "must be accepted by the courts as a conclusive determination by the political arm of the Government" that the retention of jurisdiction by the courts would

jeopardize the conduct of foreign relations.  Ex parte Peru, 318 U.S. at 589.  See also Spacil v. Crowe, 489 F.2d 614, 617 (5th Cir. 1974).  Accordingly, where, as here, immunity has been recognized by the Executive Branch and a suggestion of immunity is filed, it is the "court's duty" to surrender jurisdiction.  Ex parte Peru, 318 U.S. at 588.  See also Hoffman, 324 U.S. at 35.[2]

　　　　5.　　　The courts of the United States have heeded the Supreme Court's direction regarding the binding nature of suggestions of immunity submitted by the Executive Branch. See, e.g., First American Corp., 948 F. Supp. at 1119 (suggestion by Executive Branch of the United Arab Emirates' Sheikh Zayed's immunity determined conclusive and required dismissal of claims alleging fraud, conspiracy, and breach of fiduciary duty); Saltany v. Reagan, 702 F. Supp. 319, 320 (D.D.C. 1988), aff'd in part and rev'd in part on other grounds, 886 F.2d 438, 441 (D.C. Cir. 1989) (suggestion of Prime Minister Thatcher's immunity conclusive in dismissing suit that alleged British complicity in U.S. air strikes against Libya); Leutwyler, 2001 WL 893343 at *1 (Executive Branch suggestion of immunity "is entitled to conclusive deference from the courts"); Alicog, 860 F. Supp. at 382 (suggestion by Executive Branch of King Fahd's immunity as head of state of Saudi Arabia held to require dismissal of complaint against King Fahd for false imprisonment and abuse); Lafontant, 844 F. Supp. at 132-33 (suggestion by Executive Branch of Haitian President Aristide's immunity held binding on court and required dismissal of case

---

　　　[2]　 The conclusive effect of the Executive Branch's suggestion of immunity in this case is not affected by enactment of the Foreign Sovereign Immunities Act ("FSIA"), 28 U.S.C. §§ 1602 et seq.  Prior to passage of the FSIA, the Executive Branch filed suggestions of immunity with respect to both heads of state and foreign states themselves.  The FSIA transferred the determination of the immunity of foreign states from the Executive Branch to the courts.  See H.R. Rep. No. 1487, 94th Cong., 2d Sess. 12 (1976), reprinted in 1976 U.S.C.C.A.N. 6604, 6610.  The FSIA, however, did not alter Executive Branch authority to suggest head of state immunity for foreign leaders, or affect the binding nature of such suggestions of immunity.  See, e.g., First American Corp., 948 F. Supp. at 1119; Gerritsen v. De la Madrid, No. CV 85-5020-PAR, slip op. at 7-9 (C.D. Cal. Feb 21, 1986) (copy attached as Exhibit 2); Estate of Domingo v. Marcos, 1983 WL 482332, at *2 (W.D. Wash. 1983).

alleging that President Aristide ordered murder of plaintiff's husband); <u>Gerritsen</u>, slip op. at 7-9 (suit against Mexican President De la Madrid and others for conspiracy to deprive plaintiff of constitutional rights, dismissed as against President De la Madrid pursuant to suggestion of immunity); <u>Estate of Domingo</u>, 1983 WL 482332, at *2 (action alleging political conspiracy by, among others, then President Ferdinand E. Marcos and then First Lady Imelda Marcos, respectively, of the Republic of the Philippines, dismissed against them pursuant to suggestion of immunity); <u>Painakis v. Marcos</u>, No. C-75-1725-RHS (N.D. Cal. 1975), <u>result reported in</u> Sovereign Immunity, <u>1975 Digest of U.S. Practice of Int'l Law</u> § 7, at 344-45 (libel action against then President Marcos dismissed pursuant to suggestion of immunity); <u>Guardian F. v. Archdiocese of San Antonio</u>, Cause No. 93-CI-11345 (Tex. Dist. Ct. Mar. 15, 1994) (copy attached as Exhibit 3) (suggestion of immunity required dismissal of suit against Pope John Paul II); <u>Anonymous v. Anonymous</u>, 581 N.Y.S.2d 776, 777 (1st Dep't 1992) (divorce suit against head of state dismissed pursuant to suggestion of immunity).

6.     Judicial deference to the Executive Branch's suggestions of immunity is predicated on compelling considerations arising out of the conduct of our foreign relations. <u>Spacil</u>, 489 F.2d at 619.  First, as the <u>Spacil</u> court explained,

> [s]eparation-of-powers principles impel a reluctance in the judiciary to interfere with or embarrass the executive in its constitutional role as the nation's primary organ of international policy.

<u>Id</u>. (citing <u>United States v. Lee</u>, 106 U.S. 196, 209 (1882)).  <u>See also</u> <u>Ex parte Peru</u>, 318 U.S. at 588.  Second, the Executive Branch possesses substantial institutional resources to pursue, and extensive experience to conduct, the country's foreign affairs.  <u>See</u> <u>Spacil</u>, 489 F.2d at 619.  By comparison, "the judiciary is particularly ill-equipped to second-guess" the Executive Branch's determinations affecting the country's interests.  <u>Id</u>.  Finally, and "[p]erhaps more importantly, in

the chess game that is diplomacy only the executive has a view of the entire board and an understanding of the relationship between isolated moves." Id.

CONCLUSION

For the foregoing reasons, the United States respectfully suggests the immunity of Prime Minister Sharon in this action.

Dated:  June 12, 2003.                    Respectfully submitted,

                                          ROBERT D. McCALLUM, JR.
                                          Assistant Attorney General

                                          ROSCOE C. HOWARD, JR.
                                          United States Attorney

                                          VINCENT M. GARVEY
                                          Deputy Branch Director


                                          _____
                                          ORI LEV, DC # 452565
                                          Trial Attorney
                                          United States Department of Justice
                                          Civil Division, Federal Programs Branch
                                          Street:  20 Massachusetts Ave., NW, Room 7330
                                                     Washington, DC  20001
                                          Mail:   P.O. Box 883, Washington, D.C.  20044
                                          Tel:    (202) 514-2395
                                          Fax:    (202) 616-8202

                                          Attorneys for the United States of America